ON REHEARING
THOMPSON, Judge.
After a careful review of the appellees’ motion for rehearing, appellant’s reply thereto, and the record, the motion for rehearing is granted.
We affirm the Judge of Compensation Claims’ (Judge) finding of no bad faith and his denial of attorney’s fees because there is competent substantial evidence to support the Judge’s ruling. In the order appealed, the Judge found:
2. That the claimant suffered an accident arising out of and in the course of his employment with this employer on November 5, 1985, when he fell through a hole in a ceiling and injured his back. The Employer/Carrier have provided appropriate medical care for this injury. The claimant has been treated by Dr. Joseph Matthews and Dr. Theodore Hoff. Following back surgery in January, 1986, Dr. Hoff released the claimant as having reached maximum medical improvement on May 7,1987, with a five to ten percent permanent physical impairment of the body as a whole.
3. That the medical bills of Dr. Matthews have been timely paid by the carrier. The undersigned finds that there was initially some confusion as to where Dr. Matthews’ office submitted his bills for payment. Once the matter was identified as a workers compensation claim, Dr. Matthews did submit his bills to the compensation carrier and they were timely paid. Judi Mullins, the adjuster for CNA Insurance Group, properly assumed that all of Dr. Matthews’ bills had been submitted for payment. When it was called to her attention that other bills of Dr. Matthews remained unpaid, she properly and timely requested Dr. Matthews’ office to submit the additional billings. Upon receipt of those bills, they were immediately paid.
The undersigned specifically finds that the carrier did act properly in paying bills upon receipt and in soliciting unpaid bills when it was made known to the carrier that such bills existed.
The record reflects that any bills received by the employer/carrier (E/C) were promptly paid. The doctor had been repeatedly requested to send the E/C any bill for services to the claimant and the claimant had also been requested to send any medical bills he received to the E/C. There is competent substantial evidence to support the findings of the Judge and his conclusion that no attorney’s fee should be awarded.
The motion for rehearing is granted, the opinion heretofore filed in the instant case and order granting appellant’s motion for attorney’s fees are vacated and the order of the Judge is AFFIRMED. Appellant’s motion for an attorney’s fee is denied.
BOOTH, J., concurs.
ERVIN, J., dissents.